UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEFF JEAN,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES PAROLE COMMISSION<br>    Defendant. | C.A. No. 13-596-M-LDA |

## MEMORANDUM AND ORDER

Jeff Jean filed a Petition for a Writ of Mandamus against the United States Parole Commission ("the Commission") pursuant to the Fifth and Fourteenth Amendments, seeking relief under Federal Rule of Criminal Procedure 32.1(b)(2). (ECF No. 1.) He claims that the Commission violated several procedural steps that lead to the Commission's revocation of his supervised release.

### I. Facts and Travel

On May 25, 2007, the District of Columbia Superior Court sentenced Mr. Jean to forty months of incarceration to be followed by three years of supervised release for Contempt and Pandering. (ECF No. 8-1 at 3.) Mr. Jean served the sentence, and began supervised release on July 16, 2009. (*Id.* at 2.)

The Commission[1] was informed that Mr. Jean was arrested on May 20, 2012 for new criminal conduct in Boston, Massachusetts, and charged with the unlawful possession of a firearm

---

[1] The U.S. Parole Commission has authority over District of Columbia offenders who are serving a term of supervised release imposed by the District of Columbia Superior Court, and may grant, deny, modify, revoke or impose conditions of supervised release. *See* D.C. Code §§ 24–133(c)(2).

1

and ammunition. (ECF No. 8-5 at 3-4.) Subsequently, the Commission issued a warrant on May 31, 2012. (ECF No. 8-6 at 2.)

On April 12, 2013, United States Probation Officer Brian Pletcher conducted a Preliminary Interview with Mr. Jean at the Wyatt Detention Facility in Central Falls, Rhode Island. (ECF No. 8-7 at 2-4.). Officer Pletcher suggested that the Commission find probable cause based on the information he gleaned from the violation report. (Id. at 3.) On May 2, 2013, the Commission, following Officer Pletcher's recommendation, notified Mr. Jean of its finding of probable cause to believe that he violated the conditions of his supervised release. (ECF No. 8-9 at 2-3.) It also provided Mr. Jean with information about the revocation hearing process. *Id.*

On August 22, 2013, a hearing examiner held a revocation hearing, at which Mr. Jean was represented by counsel. (ECF No. 8-10 at 2-6.) Witnesses from the Boston Police Department and the U.S. Parole Office testified, as well as Mr. Jean's sister. (*Id.* at 3-4.) The Commission found that Mr. Jean violated his supervised release conditions and revoked his remaining term of supervised release. (ECF No. 8-11 at 2.) It imposed nine months of incarceration,[2] and an additional term of fifty-one months supervised release. (*Id.*) Additionally, on October 23, 2013, the Commission advised Mr. Jean that the decision was "appealable to the National Appeals Board pursuant to 28 C.F.R. 2.220," and that he must file any appeal within thirty days of the date of the notice. (*Id.* at 3.) Mr. Jean never filed an appeal.

II. Analysis

Mr. Jean asks this Court to issue a Writ of Mandamus due to the Commission's alleged failure to: (1) notify him of its probable cause determination within twenty one days of his Preliminary Interview; (2) conduct an institutional revocation hearing within ninety days of the

---

[2] The Commission granted credit for time served from the execution of the violator warrant.

2

execution of the warrant; and (3) hold a local revocation hearing within sixty five days of its finding of probable cause. (ECF No. 1 at 1.) Mr. Jean does not state what relief he is requesting from this Court.[3]

### A. Timely Notice of the Probable Cause Determination

Mr. Jean claims that the Commission failed to timely inform him of its probable cause determination within twenty-one days of the Preliminary Interview. (ECF No. 1 at 1.) The record, however, belies this assertion. The Commission mailed its probable cause decision, dated May 2, 2013, to both Mr. Jean and his counsel on May 2, 2013, within twenty-one days of the April 12, 2013 preliminary interview.

In addition, Mr. Jean mistakenly relies upon a regulation that is inapplicable to the instant case. (ECF No. 1 at 1.) The Commission's Policies and Procedures manual provides the mechanism for revocation of supervised release. *U.S. Parole Comm'n Policies and Procedures Manual*, 28 C.F.R. § 2.48(d)(2). The Commission issued its determination of probable cause in a Probable Cause Letter twenty days after it conducted the Preliminary Interview. (ECF No. 8-9.) Thus, the Commission complied with the requirement to notify Mr. Jean of its probable cause decision within twenty-one days of the Preliminary Interview.

### B. Timely Revocation Hearing

The Commission's *Rules and Procedures Manual* further requires the Commission to hold a hearing within ninety days of the Probable Cause Determination. 28 C.F.R. § 2.49(f). Admittedly, the Commission did not conduct a hearing within the proscribed time requirement, and the Commission held Mr. Jean's hearing 112 days from the probable cause decision, a delay of twenty two days. Although the Manual calls for a revocation hearing to take place within

---

[3] In his reply, Mr. Jean states: ". . . entitle him to relief that The Defendant has Fail to follow its rule and regulation accordingly." (ECF No. 10 at 5.)

ninety days after the warrant is executed, and Mr. Jean's hearing was therefore untimely, Mr. Jean does not assert any harm suffered because of the brief delay. *See* 28 C.F.R. § 2.49(f).

The constitutional right to a speedy trial, and procedural protections attendant to trials are not applicable in supervised release proceedings, and Mr. Jean failed to account for the curtailed liberty interests at stake in supervised release proceedings. *See United States v. Pagan–Rodriguez*, 600 F.3d 39, 41 (1st Cir. 2010). In the First Circuit, a supervised releasee enjoys only a "conditional liberty" interest. *Id.; see also In re Whitney*, 421 F.2d 337, 338 (1st Cir. 1970). Federal Rule of Criminal Procedure 32.1 includes the limited rights of an individual facing revocation, including the requirement of a timely disposition. Specifically, Federal Rule of Criminal Procedure 32.1(b)(2) provides: "Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." In assessing whether a revocation hearing was held within a "reasonable time," courts consider the factors set forth in the Supreme Court's decision in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) including the length of delay and any prejudice to Mr. Jean, among other factors. *See United States v. Rasmussen*, 881 F.2d 395, 398 (7th Cir. 1989).

Moreover, a showing of prejudice is a prerequisite to relief, and Mr. Jean's claim fails on that requirement. *See, e.g., Pagan-Rodriguez*, 600 F.3d at 42.

Here, as in *Pagan-Rodriguez*, where the First Circuit found "no semblance of prejudice," and the delay was for only 21 days, no substantive rights have been affected, and Mr. Jean fails to state a claim. *Id.* Accordingly, Mr. Jean is not entitled to any relief from this Court.

### C. The Petition is Moot

Without any allegation or showing of prejudice, Mr. Jean is entitled only to receive a revocation hearing, which he has already received. Accordingly, this action is moot. The

appropriate remedy for a delayed revocation hearing is a writ to compel compliance and hold a hearing. *See Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir. 1977); *United States v. Companion*, 545 F.2d 308, 311 (2d Cir. 1976); *Heezen v. Daggett*, 442 F.2d 1002, 1004 (8th Cir. 1971). Since Mr. Jean's revocation hearing has already taken place, he is not entitled to mandamus relief without any showing of prejudice. In addition, dispositive of this matter is the fact that Mr. Jean did not file an appeal from the Commission's decision.

### D. Due Process in Mr. Jean's Parole Revocation Proceedings

Mr. Jean's revocation proceedings satisfied all constitutional requirements. He cannot establish a due process violation based on any purported lack of notice or the delay in his revocation hearing because he has failed to show any resulting prejudice or that he was denied due process. *See Pagan-Rodriguez*, 600 F.3d at 41; *United States v. Morales*, 45 F.3d 693, 696 (2d Cir. 1995). Mr. Jean was afforded due process throughout at all stages of his revocation proceedings, and none of the errors alleged by Mr. Jean amount to a constitutional violation. In particular, the Commission provided Mr. Jean with notice of the charges against him and the evidence supporting those charges; conducted both a Preliminary Interview and revocation hearing, at which Mr. Jean was represented by an attorney, and had an opportunity to contest the evidence against him; and a statement of the evidence the Commission relied upon and the reasons for revoking his supervised release. These procedures amply satisfy all constitutional requirements in this case. Hence, Mr. Jean has not incurred any prejudice by the delay in scheduling his revocation hearing.

### III. Conclusion

For all of the reasons set forth, the Plaintiff's Petition for a Writ of Mandamus (ECF No. 1) is DENIED and this matter is dismissed.

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

February 14, 2014